THE PEOPLE OF THE STATE OF NEW YORK ex rel. THREE HUNDRED PARK AVE., INC., Relator, v. HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, New York County, February 4, 1925.

Taxation — assessment — certiorari to review assessment of building used for restaurant and dwelling purposes — part of building on ground level occupied as restaurant — test of application of statute is not construction of building, but its use — premises deemed not to be used exclusively for dwelling purposes above ground floor within meaning of Tax Law, § 4-b, added by Laws of 1920, chapter 949, as amended by Laws of 1924, chapter 87 — assessment confirmed.

In a certiorari proceeding to review an assessment of a building used for restaurant and dwelling purposes, the action of the commissioners of taxes and assessments of the city of New York in determining the assessment, will be confirmed, where it appears that a part of the building on the ground level is occupied as a restaurant by a tenant; that the main feature is a dining room occupying about one-third of the area and twenty-one and one-half feet in height; that the rest of the space is divided into two levels, with interior stairways leading to the upper level, and on each level are separate rooms, constituting different departments of the restaurant business; and that the upper floors are used exclusively for dwelling purposes, since, within the meaning of section 4-b of the Tax Law, added by the Laws of 1920, chapter 949, as amended by Laws of 1924, chapter 87, it cannot be said that the premises are being used exclusively for dwelling purposes above the ground floor.

The two levels may not be regarded as constituting a single floor merely because their use is an adjunct to the business conducted in the dining room. The test of the application of the statute is not the construction of a building, but the use which is made of it.

CERTIORARI proceeding to review action of commissioners of taxes and assessments of the city of New York.

*Cummings & Webster* [*Joseph Rowan* of counsel], for the relator.

*George P. Nicholson,* Corporation Counsel [*Harry S. Lucia* of counsel; *William H. King* with him on the brief], for the respondents.

TIERNEY, J.:

A single question in dispute is submitted by the parties for determination, whether the building is used exclusively for dwelling purposes above the ground floor as the term is used in the statute.

(Tax Law, § 4-b, as added by Laws of 1920, chap. 949, and last amd. by Laws of 1924, chap. 87.)   There is a part of the building on the ground level occupied as a restaurant by a tenant.   Above this it is undisputed that the. building is used exclusively for dwelling purposes.   The part of the building on the ground level is used by the tenant for the single purpose of conducting a restaurant business.   Every subdivision of the space is employed for this purpose.   The main feature is a dining room occupying about one-third of the area and twenty-one and one-half feet in height.   The rest of the space is divided into two levels, with interior stairways leading to the upper level, and on each level are separate rooms, constituting different departments of the restaurant business.   The test for the application of the statute is not the construction of the building, but its use.   If the rooms on the upper level were used without connection with the restaurant business there would be no question that they would constitute a part of the building above the ground floor.   There is but one floor used for the dining room.   Immediately above this the building is used for dwelling purposes exclusively.   If this dining room had balconies on an upper level it would still constitute but one floor. It is urged that the space occupied by the restaurant business constitutes a single floor, although two-thirds of the area is divided into separate stories by a floor.   The dining room is, of course, the most important feature, but the other departments are no less used in the business and are conducted in a large measure on a second story.   If the ratio of space so used to that occupied by the dining room was small I would consider that the dining room dominated the character of the use of the space and that there was only one floor occupied in the business, although some part might be subdivided into two stories in use.   But this building was constructed with two stories connecting with the dining room for two-thirds of its area and none of these two stories is used for dwelling purposes.   That so much thereof as constitutes the second story is above the ground floor is a physical fact.   That this may be ignored and the two stories regarded as constituting a single floor because their use is an adjunct to the business conducted in the dining room on the ground floor I am unable to conclude. The principle underlying the statute is that a building mainly devoted to dwelling purposes shall not lose its character as an apartment house because the space on the ground floor, not suitable for dwelling purposes, is put to a different and adequate use.   In its general character the present building does not differ from many buildings of similar type that are and were intended to be embraced within the application of the exemption.   But the Legis-

lature has made a definition of the test for application of its statute. If the law had provided that the exemption should apply to buildings used exclusively for dwelling purposes above the ground and second floors instead of above the ground floor, the principle upon which the exemption is granted would have been the same. Only the test for determining whether the building is mainly used for dwelling purposes would be different. There is no principle involved in fixing the test by one standard in preference to another; in its nature, the standard must be arbitrarily adopted unless the Legislature saw fit to prescribe no rigid standard, but left the matter to be determined under a general description. This case has to be determined by applying the test prescribed by the Legislature and not upon a consideration of whether this type of building was as deserving of being exempted as the type of building that comes literally within the definition of the act. Let a decision be settled on notice confirming the assessment, with costs.