THE PEOPLE OF THE STATE OF NEW YORK ex rel. 300 PARK AVENUE, INC., Appellant, v. HENRY M. GOLDFOGLE and Others, as Commissioners of Taxes and Assessments of the City of New York, Respondents.*

First Department, March 1, 1929.

* Affg. 124 Misc. 422.

*Joseph Rowan* of counsel [*Cumming & Webster,* attorneys], for the appellant.

*William H. King* of counsel [*Harry S. Lucia* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the respondents.

Martin, J. The relator in this certiorari proceeding asks the court to reduce an assessment made by the defendants for the purpose of taxation for the year 1923 on improved property designated as lot 36, block 1285, section 5, borough of Manhattan.

The property is located on the westerly side of Park avenue, extending from Forty-ninth to Fiftieth streets, and is improved by a seventeen-story apartment building. The relator contends that this building was entitled to be exempted from local taxation to the extent of $334,000 under section 4-b of the Tax Law (as added by Laws of 1920, chap. 949) and an ordinance of the city of New York, adopted in February, 1921, and known as No. 112, in relation to exemption from local taxation of new buildings for dwelling purposes.

The question presented upon this appeal is whether the relator's building is within the terms of the statute and the ordinance, which prescribe as the test for exemption that a building more than four stories in height shall be " planned for dwelling purposes " and " used exclusively for dwelling purposes above the ground floor." The facts are not disputed.

While the assessment books for 1923 were open for examination and correction between October 1 and November 15, 1922, the relator filed with the tax board two applications for correction of the assessment of the property. One of these requested reduction of the assessment for overvaluation; the other, entitled " Application for New Building Exemption," requested exemption in part from taxation under the statute and ordinance claiming that the building was used exclusively for dwelling purposes above the ground floor and stating that it contained forty-three three-room apartments and forty-one five-room apartments, and thus under the ordinance was entitled to an exemption from taxation to the extent of $334,000 being $3,000 for each of the forty-three three-room apartments, or $129,000, and $5,000 for each of the forty-one five-room apartments, or $205,000, making an aggregate of $334,000. A reduction of the assessment for local purposes was thus requested from $4,975,000 to the sum of $4,641,000.

At the trial a stipulation was made between the parties with respect to the facts and issues. Thereunder the relator withdrew any issue of overvaluation except in so far as part exemption from taxation was claimed under the statute and ordinance.

The relator contended that the ground floor and mezzanine floor constituted but one floor;■ and hence that the building "above the ground floor" was used and occupied exclusively for dwelling purposes and the building, therefore, was within the provisions of the statute and ordinance entitling it to an exemption.

The superintendent of the building and an engineer and architect testified that they were familiar with the division of the building and that the ground floor is principally occupied by Louis Sherry, Inc.; that the mezzanine floor is occupied by Sherry for business purposes; that there are three stairways leading from the main floor to the so-called balcony or mezzanine floor and these have no relation whatsoever to the rest of the building.

On cross-examination the engineer testified that the so-called mezzanine floor has an area of *17,000* square feet and that the floor on grade has an area of *25,400* square feet and that the 17,000 square feet of the mezzanine floor is divided and subdivided into various rooms for business purposes.

It was established that the mezzanine floor was not only used for business exclusively, but that in square feet of floor space it contained an amount equal to sixty-six per cent of the floor space occupied by the first floor.

It is conceded that the mezzanine is also used in connection with the restaurant business and is subdivided into three dining rooms, storerooms, female help dining room, male help dining room, officers' dining room, auditor's private offices, offices, locker rooms, fan room, motor room, air washer room, filter room, housekeeper's room, sewing room, telephone booth, ladies' room, and men's lavatory.

At Special Term the court said: "The test for the application of the statute is not the construction of the building, but its use. * * * If the ratio of space so used to that occupied by the dining room was small I would consider that the dining room dominated the character of the use of the space and that there was only one floor occupied in the business, although some part might be subdivided into two stories in use. But this building was constructed with two stories connecting with the dining room for two-thirds of its area and none of these two stories is used for dwelling purposes." (124 Misc. 422.)

The court called attention to the fact that this mezzanine floor was great in extent and was used entirely by Louis Sherry for business purposes and the decision calls attention to the fact that this floor contained a ball room and two reception rooms.

In the case of *People ex rel. Allerton 55th Street Corporation* v. *Goldfogle* (decided by the Special Term and affirmed by this court without opinion, 215 App. Div. 704) it was held that an exemption could not be granted for the reason that the rooms on the second floor were used as a barber shop and by a physician and others although it was claimed they were patronized solely by persons living in the building.

It has been repeatedly held that the statutes exempting property from taxation are to be strictly construed, taxation being the rule and exemption the exception; if the exemption is not plainly expressed, it may not be presumed and that the burden of establishing the right is upon the person claiming the exemption.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Dowling, P. J., Finch and O'Malley, JJ., concur; McAvoy, J., dissents.

McAvoy, J. (dissenting). A new building is exempt from taxation for local purposes under a local ordinance when planned for dwelling purposes exclusively and so used if such building is of four stories or more and used exclusively for dwelling purposes above the ground floor.

In the building of this relator a structure has been interposed between the floor at the street level and the ceiling of the first story. It is, in effect, a balcony or mezzanine level wholly within the walls of the main room and appurtenant only thereto, not independent. Access is by stairways communicating from the first floor only with this balcony having no connection with other parts of the building. Its use is supplementary to the conduct of business in the main level or floor as a restaurant in the same proprietorship. The precise concept indicated in the term " floor " is a continuous, complete level of material laid on a tier of beams occupying the whole space between bearing walls. A mezzanine floor is of similar character except that it is lacking in the height of a common floor and usually rests between the ground and next upper story. Doubtless a mezzanine floor is a story, but a mezzanine balcony constructed by inserting a level between the street level floor and the first ceiling partakes of no characteristics of the continuous or approximately continuous floor or story which it is to be assumed was within the legislative intent in the enactment concerning exemptions of realty " used exclusively for dwelling

purposes above the ground floor." The word " floor " as commonly understood and reasonably apprehended would exclude a balcony so constructed as the structure here involved from its definition.

I think relator entitled to exemption and that the order should be reversed and the assessment reduced as demanded.

Order affirmed, with ten dollars costs and disbursements.